OPINION
Defendant Greta M. Bowman appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, which terminated the marriage between appellant and plaintiff-appellee Eric K. Bowman, divided the marital assets and debts, set spousal and child support, and named appellee the residential parent of the parties' minor daughter Erica, age 2 at the time of the hearing. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THEREFORE THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DESIGNATE APPELLANT-MOTHER RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES' TWO AND A HALF (2 1/2) YEAR OLD DAUGHTER, ERICA BOWMAN.
The magistrate filed a decision pursuant to Civ. 53 (E). In it, the magistrate set forth the evidence presented with regards to the parenting issues. The magistrate found both parties are adequate and appropriate parents. The magistrate further found there was no issue concerning domestic violence, child abuse or neglect, relationships between the child and any other person or parent, child support arrearages, mental or physical health of either parent, or the child's adjustment to the home of either parent. The magistrate found both parties had spent substantial and equivalent time with the child during the pendency of the case, even though appellee had been named temporary residential parent and legal custodian.
The magistrate cited R.C. 3109.04 (F), which requires the court to consider whether either parent has established a residence, or is planning a residence, outside the State. The magistrate noted that appellant is originally from the state of Georgia, and only relocated to Ohio when she married appellee. The magistrate found there was a significant amount of evidence establishing appellant was not happy living in Ohio. Initially, appellant expressed a preference to relocate to Georgia following the divorce, but after the home investigation recommended appellee be residential parent and legal custodian because of the impending move, appellant re-evaluated her position, and testified she intended to remain indefinitely in Ohio. The magistrate found appellant had established a life for herself in Ohio, by obtaining an apartment, and a job, and making community contacts through church and support groups. Despite the evidence presented, the magistrate expressed concern that given the right set of circumstances, appellant would not hesitate to relocate to Georgia, and would take Erica with her if appellant was named the residential parent.
The magistrate concluded on the evidence presented, that it was in the best interest of Erica for appellee to be her residential parent and legal custodian.
Following the filing of objections, the trial court reviewed the decision of the magistrate and entered its final judgment. The court found neither party made a request for findings of fact and conclusions of law. The court stated it reviewed the entire transcript of the evidence submitted and all other evidence presented at the hearings on the case. The court found no error of law or other defect on the face of the decision.
The court found the magistrate's decision was not contrary to law, and was supported by the greater weight of the evidence. Thus, the court approved and adopted the magistrate's decision, and this appeal ensued.
In general, the Supreme Court has applied the abuse of discretion standard when reviewing the propriety of the trial court's determination in a domestic relations case, see Booth v. Booth (1989), 44 Ohio St.3d 142. The Supreme Court made the abuse of discretion standard specifically applicable to custody proceedings, Miller v. Miller (1988),37 Ohio St.3d 71. The Supreme Court has always defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see e.g., Blakemore v. Blakemore, (1983),5 Ohio St.3d 217, 219.
Appellant concedes she initially intended to return to Georgia with the parties' child, but after learning the home study investigator opposed the relocation, appellant alleges she resolved to remain in Ohio with her daughter. Appellant argues the trial court improperly focused on a future potential problem if appellant once again changes her mind about relocating to Georgia. Appellant urges the court should not have focused on problems which might not occur in the future.
We have reviewed the record, and we find the court did not abuse its discretion in designating appellee as the residential parent of the child.
The assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed.
Costs to appellant.
Hon. William B. Hoffman, P.J., Hon. W. Scott Gwin, J., Hon. Julie A. Edwards, J., concur.